**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**FREDDIE LUBOYA**                                                    **CIVIL ACTION**
**MUSA NGU**

**VERSUS**                                                           **NO. 26-448-SDD-RLB**

**KEVIN JORDAN, et al.**

## ORDER

Before the Court is the Government's Emergency Motion for Partial Relief from the Standing Order (Doc. 25), filed on Friday, June 12, 2026 at 3:43 p.m. In it, the Government asks the Court to dissolve the Standing Order's transfer restriction to effectuate Petitioner Freddie Luboya Musangu's removal to a third country—Equatorial Guinea—on a flight scheduled for Tuesday, June 16, 2026. (Doc. 25-1 at 1).

Emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Vasquez Perdomo v. Noem*, 790 F. Supp. 3d 850, 873 (C.D. Cal. 2025). "The party seeking emergency relief must demonstrate that it is not at fault in creating the situation that it asserts necessitates resolution of its motion on an expedited schedule." *Cardoza v. Bloomin' Brands, Inc*., 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) (When a party "unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright."). "It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Mission Power Eng'g Co. v. Cont'l Cas. Co*., 883 F. Supp. 488, 493 (C.D. Cal. 1995) (movant must show they used their time "efficiently and could not have, with due diligence, sought to obtain" relief sooner).

Here, the the Government does not explain the circumstances that lead to the stated "[e]mergency" which, if accepted, would require the Court to resolve its Emergency Motion for Partial Relief (Doc. 25) in a single business day and without the input of Mr. Musangu's counsel. This is striking for several reasons.

To begin, the Emergency Motion, and the two Declarations that accompany it, are replete with background information, including dates—e.g., "On February 5, 2002, Petitioner was granted asylum."; On July 21, 2014, Petitioner was ordered removed, but also granted deferral of removal under [CAT] to the Democratic Republic of the Congo.; On October 2, 2025, Equatorial Guinea provided diplomatic assurances that noncitizen third-country removals from the US "will not be subjected to persecution or torture."; On November 21, 2025, the State Department "determined those diplomatic assurances were credible." (Doc. 25 at 2, 3).

But notably absent are the dates when ICE first asked the government of Equatorial Guinea if it would accept Mr. Musangu for third country removal, and the date when ICE learned that Mr. Musangu had apparently been accepted. Put simply, the Government has hamstrung the Court's ability to determine whether this is indeed an emergency situation beyond the Government's control.

The Motion also relies on the June 16, 2026 flight manifest, the Third Country Removal Agreement between the United States and Equatorial Guinea, and Equatorial Guinea's acceptance of Mr. Musangu. But the Government does not provide any supporting documentation. Petitioner's counsel is not only deprived of sufficient time to respond, but of information sufficient to mount a meaningful response—both in this Court and administratively—before her client is disappeared to a country known for refoulment and to which he has never been. *See Mbaba v. Perez*, No. 26-70, 2026 WL 917484, at *11 (S.D. Tex. Feb. 13, 2026) ("Equatorial Guinea has reportedly refouled

eight out of the nine third-country removes it [first] received under the new third country removal policy. Thus, there is very good reason to believe that Equatorial Guinea will likewise immediately send Ms. Mbaba back to Mauritania and to the hereditary chattel slavery that she escaped from.").

Without more, the Court cannot find good cause to warrant expedited consideration of the Government's Motion. Therefore,

**IT IS ORDERED** that the Government's Emergency Motion for Partial Relief from the Standing Order (Doc. 25) is **DENIED** to the **extent it seeks expedited consideration** or a resolution before June 16, 2026.

**IT IS FURTHER ORDERED** that both the Government's Motion for Partial Relief (Doc. 25) and the merits of the Petition for Writ of Habeas Corpus (Doc. 1) are set for **hearing** on **June 24, 2026** at **10:30 a.m.** before Chief Judge Shelly D. Dick in **Courtroom Three**.

**IT IS FURTHER ORDERED** that Petitioner's Response to the Government's Motion for Partial Relief (Doc. 25), and his Reply Memorandum in support of his Petition (Doc. 1), must be filed by **June 22, 2026**.

Baton Rouge, Louisiana, this ___15th day of June, 2026.

_____
CHIEF JUDGE SHELLY D. DICK
MIDDLE DISTRICT OF LOUISIANA